**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARK BURRELL and TAYBURR, LLC,       )
a Florida limited liability company,       )
                                           )
                  Plaintiffs,              )
v.                                         )       Case No.: _____
                                           )
ECLIPSE BREAST HEALTH                      )       Division: _____
TECHNOLOGIES, INC., a Delaware             )
corporation,                               )       ***Jury Trial Requested***
                                           )
                  Defendant.               )
_____)

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs MARK BURRELL ("Mr. Burrell") and TAYBURR, LLC ("TAYBURR")

(collectively, "Plaintiffs") sue Defendant ECLIPSE BREAST HEALTH TECHNOLOGIES, INC.

("Eclipse") and say:

## THE PARTIES, JURISDICTION AND VENUE

1.       Mr. Burrell is an adult residing in Bradenton, Florida, which is located within the

Middle District of Florida.

2.       TAYBURR is a Florida limited liability company in good standing, and

TAYBURR maintains its offices within the Middle District of Florida.

3.       Eclipse is a privately held Delaware corporation.

4.       Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1332 because this suit

involves citizens of different states, and the amount in controversy exceeds $75,000.

5.       Venue in this Court is proper because the material events giving rise to this cause

of action occurred in the Middle District of Florida, as set forth more fully below.

## ALLEGATIONS COMMON TO ALL COUNTS

6.      Mr. Burrell is in the business of marketing and promoting development strategies for companies, including the creation and development of interactive web sites.

7.      Eclipse was founded by an individual named Ken Wright ("Wright") to develop, market and sell a portable device designed to aid in the detection of breast cancer.

8.      Sometime in 2014, Mr. Burrell was approached by Wright, who asked Mr. Burrell to provide his consulting, marketing, and promotional expertise for the benefit of Eclipse.

9.      Mr. Burrell was instrumental in developing and executing a plan for Eclipse to integrate its portable device into a user-friendly, interactive web-based system under the name of "Eclipse Pink Cloud."

10.     The development of the Eclipse Pink Cloud greatly enhanced the value of Eclipse.

11.     Mr. Burrell, from 2014 through the present, invested significant time and energy into working for Eclipse, which included but was not limited to the development and launching of the Eclipse Pink Cloud web site.

12.     Much of Mr. Burrell's work for Eclipse took place from his offices in Manatee County, Florida and compensation was paid by Eclipse to Mr. Burrell in Manatee County, Florida.

13.     Eclipse designated Mr. Burrell as its "Chief Strategy Officer" and Mr. Burrell rendered much of his services in that regard from Manatee County, Florida.

14.     In or around May of 2015, as a direct result of and in recognition of Mr. Burrell's substantial contributions to Eclipse, Mr. Burrell was appointed to the Board of Directors ("Board") of Eclipse.

15.     TAYBURR is a limited liability company established by Mr. Burrell and his wife for the purpose of holding and redeeming options for the stock of Eclipse, and thereafter holding Eclipse stock.

16.     In or around July 2, 2015, and in further recognition of Mr. Burrell's efforts, Eclipse granted TAYBURR fully-vested stock options for the right to acquire 1,000,000 Eclipse shares at a value of $.27 per share, as reflected in a written "Stock Option Grant Notice" ("Grant Notice") given to TAYBURR, a copy of which is attached as Exhibit 1.

17.     The fully-vested stock options remain exercisable during the "Option Period", which, pursuant to the terms of the Grant Notice, has an expiration date of July 2, 2025.

18.     That fully-vested option grant was delivered to Mr. Burrell on behalf of TAYBURR in the Middle District of Florida.

19.     On July 2, 2015, the Eclipse Board of Directors contemporaneously ratified this grant of TAYBURR's 1,000,000 fully-vested stock options with an "Action by Written Consent of the [Eclipse] Board of Directors" (the "Written Consent").  A copy of that Written Consent is attached as Exhibit 2.

20.     That Written Consent of TAYBURR's 1,000,000 fully-vested stock options was also delivered to Mr. Burrell on behalf of TAYBURR in the Middle District of Florida.

21.     Approximately seven months later, in February of 2016 and with the full knowledge, consent and approval of Eclipse, TAYBURR exercised 12,000 of the 1,000,000 fully-

vested options for the price of $.27 per share ($3,240.00), leaving TAYBURR with 988,000 unexercised options.

22.     With the full knowledge of Eclipse and its counsel, TAYBURR sold those 12,000 shares of Eclipse stock to third parties for $25.00 per share, for a total of $300,000.

23.     This exercise and sale demonstrates the substantial value represented by TAYBURR's remaining 988,000 share options.

24.     Eclipse has substantial prospects of either going public, or being acquired by another entity, because of the enormous commercial appeal of the Eclipse Pink Cloud and because of the substantial additional value rendered by Mr. Burrell's development of the Eclipse Pink Cloud.

25.     The potential value of TAYBURR's fully-vested options far exceeds the $25.00 per share realized from the recent sale.

26.     Sometime prior to March of 2016, Mr. Burrell discussed his involvement in Eclipse with a Sarasota, Florida resident named Douglas Badertscher ("Badertscher").

27.     Badertscher is the C.E.O. of a Sarasota-based physician group called Sarasota Orthopedic Associates.

28.     Badertscher represented to Mr. Burrell that he (Badertscher) was interested in becoming involved with Eclipse, as he was highly experienced in company management and organization.

29.     Mr. Burrell, at Badertscher's urging, introduced Badertscher to others at Eclipse, and on or about March 29, 2016, Eclipse engaged Badertscher in a management capacity.

30.    The relationship between Badertscher and Mr. Burrell quickly turned hostile, when Badertscher demanded money from Mr. Burrell for Badertscher's personal gain - a demand which Mr. Burrell refused.

31.    Thereafter, and on or about May 26, 2016, Badertscher – acting this time as Eclipse's "C.E.O." – informed Mr. Burrell that the Eclipse Board of Directors, following a "special called board meeting", had removed Mr. Burrell as Director, and that Eclipse intended to "revisit" the issue of TAYBURR's stock options.

32.    A copy of the May 26, 2016 letter, which was directed to Mr. Burrell in the Middle District of Florida (and which specifically directed Mr. Burrell to refrain from contacting any person, entity or vendor regarding Eclipse), is attached as Exhibit 3.

33.    Neither Badertscher nor any other individual acting on behalf of Eclipse ever notified Mr. Burrell in advance of that "special called board meeting", of Eclipse's intention to remove Mr. Burrell from the Board, or "revisit" TAYBURR's fully-vested stock options.

34.    Whether Mr. Badertscher was ever validly appointed to act as Eclipse's C.E.O. is unclear, and will be the subject of discovery.

35.    On or about June 21, 2016, attorneys purporting to act for Eclipse sent Mr. Burrell a letter accusing him (Mr. Burrell) of misappropriation and fraud, reiterating Mr. Burrell's removal from any positions at Eclipse, and purporting to "terminate" TAYBURR's fully-executed stock options.  A copy of that letter is attached as Exhibit 4.

36.    Mr. Burrell never had access to the funds, bank accounts or other financial resources of Eclipse; he did not misappropriate funds, and he did not have the means or ability to misappropriate any funds.

37.     Any payment received by Mr. Burrell from Eclipse was for services rendered in connection with his actions as Eclipse's Chief Strategy Officer, and in designing and building the Eclipse Pink Cloud, and all payments were fully approved by the appropriate officers at Eclipse.

38.     All conditions precedent to bringing this suit have occurred, or been satisfied or waived.

39.     The Plaintiffs fully reserve all rights to amend this Complaint and to add new allegations, new parties, and new causes of action as the facts and circumstances justify.

## COUNT I – DECLARATORY JUDGMENT

40.     Plaintiffs reallege all allegations prior to Count I.

41.     Fed.R.Civ.P. 57 provides that the Federal Rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. §2201, and under that section of the United States Code, the Court has the authority to "declare the rights and other legal relations of any interested party seeking such declaration."

42.     The Court therefore has the authority to grant a declaratory judgment regarding the parties' rights and relations under Eclipse's grant of fully-vested stock options to TAYBURR.

43.     As Eclipse has already taken the position that TAYBURR's 988,000 unexercised but fully-vested stock options in Eclipse are "terminated", the Court must resolve that dispute.

44.     The Court should enter a declaratory judgment that TAYBURR's stock options are fully-vested and that they have not been properly terminated by Eclipse.

45.     That declaratory judgment should provide further that if TAYBURR pays Eclipse the option price of $.27 per share and exercises all or part of those fully-vested stock options,

Eclipse is obligated to issue its stock to TAYBURR as provided in the parties' July 2, 2015 Grant Notice and contemporaneous Written Consent.

WHEREFORE, the Plaintiffs request entry of a declaratory judgment against Eclipse in the form requested, or as appropriate in law and equity, along with such other and further relief the Court deems just and equitable.

## COUNT II – BREACH OF CONTRACT

46. Plaintiffs reallege all allegations prior to Count I.

47. Eclipse's grant of stock options to TAYBURR in exchange for Mr. Burrell's substantial services to Eclipse constituted a valid and binding contract for which valuable consideration was given on both sides.

48. Eclipse accepted the contract by taking the value of Mr. Burrell's services, and Mr. Burrell and TAYBURR accepted the contract by accepting, as partial payment, the grant of fully-vested stock options.

49. Counsel for Eclipse fully documented TAYBURR's fully-vested stock options, and such fully-vested options were issued by Eclipse.

50. Eclipse has breached this contract by announcing to Mr. Burrell that Eclipse does not intend to honor its stock option obligations to TAYBURR.

51. TAYBURR has been damaged by Eclipse's breach.

WHEREFORE, the Plaintiffs request an award of damages against Eclipse, the costs of this action, and such other and further relief the Court deems just and equitable.

## COUNT III – SPECIFIC PERFORMANCE

52. Plaintiffs reallege all allegations prior to Count I.

53.     The Stock Option Grant Notice and Written Consent attached to this Complaint constitute a specifically enforceable fully-vested stock option contract between the parties for a stock option grant.

54.     The fully-vested stock option contract is sufficiently certain in its terms to allow for enforcement, and it is otherwise just and reasonable.

55.     Eclipse has breached this fully-vested stock option contract by announcing that it is terminating TAYBURR's fully-vested stock options.

56.     Because of the substantial and unknown value of the fully-vested stock options, Eclipse will not have the ability to respond in damages and therefore TAYBURR does not have an adequate remedy at law.

WHEREFORE, The Plaintiffs request that the Court order Eclipse to specifically perform, upon payment by TAYBURR of $.27 per share during the Option Period, Eclipse's obligations under its fully-vested stock option contract with TAYBURR by issuing the requested number of Eclipse shares to TAYBURR.

**JURY TRIAL**

Plaintiffs, pursuant to Fed.R.Civ.P. 38(b), request trial by jury.


Dated: June 28, 2016                    JOHNSON, POPE, BOKOR,
                                        RUPPEL & BURNS, LLP

                                        By: _____

                                        **GUY M. BURNS, ESQ.**
                                        Florida Bar No. 0160901
                                        guyb@jpfirm.com (Email 1)
                                        laurah@jpfirm.com (Email 2)
                                        JONATHAN S. COLEMAN, ESQ.
                                        Florida Bar No. 0797480
                                        jonathanc@jpfirm.com (Email 1)
                                        kiml@jpfirm.com (Email 2)

403 E. Madison Street, Suite 400
Tampa, FL 33602
(813) 225-2500 (Telephone)
(813) 223-7118 (Facsimile)
***Counsel for Plaintiffs***

#3585572

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | | |
|---|---|---|
| MARK BURRELL and TAYBURR, LLC, a Florida limited liability company, )<br>)<br>) | | |
| Plaintiffs, ) | Case No.: _____ | |
| v. )<br>) | Division: _____ | |
| ECLIPSE BREAST HEALTH TECHNOLOGIES, INC., a Delaware corporation, )<br>)<br>)<br>) | *Jury Trial Requested* | |
| Defendant. ) | | |

**COMPLAINT:
EXHIBIT 1**

ECLIPSE BREAST HEALTH TECHNOLOGIES, INC.
STOCK OPTION GRANT NOTICE
(2015 EQUITY INCENTIVE PLAN)

Eclipse Breast Health Technologies, Inc. (the "*Company*"), pursuant to its 2015 Equity Incentive Plan (the "*Plan*"), hereby grants to Optionholder an option to purchase the number of shares of the Company's Common Stock set forth below. This option is subject to all of the terms and conditions as set forth herein and in the Option Agreement, the Plan, and the Notice of Exercise, all of which are attached hereto and incorporated herein in their entirety.

| | |
|---|---|
| Optionholder: | TAYBURR, LLC |
| Date of Grant: | July 2, 2015 |
| Vesting Commencement Date: | July 2, 2015 |
| Number of Shares Subject to Option: | 1,000,000 |
| Exercise Price (Per Share): | $0.27 |
| Total Exercise Price: | $270,000.00 |
| Expiration Date: | July 2, 2025 |

**Type of Grant:**   ☐ Incentive Stock Option[1]      ☒ Nonstatutory Stock Option

**Exercise Schedule:** ☒ Same as Vesting Schedule      ☐ Early Exercise Permitted

**Vesting Schedule:** Such option shall be fully vested as of the Vesting Commencement Date.

**Payment:**      By one or a combination of the following items (described in the Option Agreement):

    ☒ By cash or check
    ☒ Pursuant to a Regulation T Program if the Shares are publicly traded
    ☒ By delivery of already-owned shares if the Shares are publicly traded
    ☐ By deferred payment
    ☐ By net exercise

**Additional Terms/Acknowledgements:** The undersigned Optionholder acknowledges receipt of, and understands and agrees to, this Stock Option Grant Notice, the Option Agreement and the Plan. Optionholder acknowledges and agrees that this Stock Option Grant Notice and the Option Agreement may not be modified, amended or revised except in a writing signed by Optionholder and a duly authorized officer of the Company. Optionholder further acknowledges that as of the Date of Grant, this Stock Option Grant Notice, the Option Agreement, and the Plan set forth the entire understanding between Optionholder and the Company regarding the acquisition of stock in the Company and supersede all prior oral and written agreements, promises and/or representations on that subject with the exception of options previously granted and delivered to Optionholder under the Plan, and (ii) the following agreements only:

    **OTHER AGREEMENTS:** _____

    _____

**ECLIPSE BREAST HEATH TECHNOLOGIES, INC.:**      **OPTIONHOLDER:**

By: _____      _____
        Signature                    Signature

Title: _CEO - President_      Title: _Manager_

Date: _7/2/2015_      Date: _7/2/2015_

**ATTACHMENTS:** Option Agreement, 2014 Equity Incentive Plan and Notice(s) of Exercise

---

[1] If this is an Incentive Stock Option, it (plus other outstanding Incentive Stock Options) cannot be *first exercisable* for more than $100,000 in value (measured by exercise price) in any calendar year. Any excess over $100,000 is a Nonstatutory Stock Option.

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| MARK BURRELL and TAYBURR, LLC, a Florida limited liability company, | ) ) ) | |
| Plaintiffs, | ) ) | Case No.: _____ |
| v. | ) ) | Division: _____ |
| ECLIPSE BREAST HEALTH TECHNOLOGIES, INC., a Delaware corporation, | ) ) ) ) | *Jury Trial Requested* |
| Defendant. | ) ) | |

**COMPLAINT:**
**EXHIBIT 2**

**ACTION BY WRITTEN CONSENT OF
THE BOARD OF DIRECTORS OF
ECLIPSE BREAST HEALTH TECHNOLOGIES, INC.**

July 2, 2015

The undersigned, constituting all of the members of the Board of Directors (the "**Board**") of **ECLIPSE BREAST HEALTH TECHNOLOGIES, INC**., a Delaware corporation (the "**Company**"), hereby take the following actions and adopt the following resolutions by written consent, as authorized by the bylaws of the Company (the "**Bylaws**") and Section 141(f) of the General Corporation Law of the State of Delaware (the "**DGCL**"), effective as of the date first set forth above:

## Section 409A Valuation

**WHEREAS**, Scalar Analytics, an independent, qualified financial advisor (the "*Appraiser*"), has provided the Valuation Report in the form attached as **EXHIBIT A** hereto (the "*Valuation Report*"), which Valuation Report estimates that the fair market value per share of the Company's Common Stock as of June 30, 2015 is $0.27; and

**WHEREAS**, the Board has considered the Valuation Report, as well as all other available information and factors that the Board has determined to be appropriate for purposes of determining the fair market value of the Company's Common Stock, so that the Board has a good faith basis for making a reasonable determination of the Company's fair market value for purposes of complying with Section 409A of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder.

**RESOLVED**, that the Board hereby determines, after taking into account the Valuation Report and the other factors that it has determined to be appropriate, that the fair market value of the Company's Common Stock is $0.27 per share.

## Approval of Option Grants

**WHEREAS**, the Company maintains the Eclipse Breast Health Technologies, Inc., 2015 Equity Incentive Plan (the "*Plan*"), for the purpose of providing stock awards to employees, directors and consultants of the Company and affiliates of the Company;

**WHEREAS**, the Board has determined that after taking into account the Valuation Report prepared by the Appraiser and the other factors that it determined to be appropriate, that the fair market value of the Company's Common Stock is $0.27 per share;

WHEREAS, the Company desires to award stock options pursuant to the terms of the Plan to certain employees and other service providers.

RESOLVED, that each of the individuals designated on the attached EXHIBIT B be granted an option under the Plan, pursuant to the terms and conditions of the Plan and the option grant notice to acquire up to that number of shares of the Company's common stock set forth opposite such individuals name thereon.   Each option shall have an exercise price of $0.27 per share.

RESOLVED FURTHER, that the options shall vest and become exercisable as set forth EXHIBIT B.

RESOLVED FURTHER, that each officer of the company is authorized and directed to take all action and to prepare, execute and deliver an option grant notice in substantially the form previously approved by the Board, evidencing each Option granted by the foregoing resolutions and any other documents that such officer deems necessary or advisable to carry out the intent of these resolutions and evidence the option grants hereby made, including (without limitation), at the time each Option is exercised, the appropriate stock certificates evidencing the purchased shares of common stock.

## General Authorization

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized and directed, on behalf of the Company and in its name, to execute, deliver and perform such other documents, agreements, assignments and instruments and to take such further actions, including, but not limited to, executing and filing or causing to be filed all applications, requests for approval, consents, notices and other documents, and any modifications and supplements thereto, as they deem necessary, appropriate or advisable to carry out the purpose and intent of the foregoing resolutions, as conclusively evidenced by the execution of such documents or the taking of such actions.

RESOLVED FURTHER, that all actions heretofore taken by the officers of the Company in connection with the subject matter of the foregoing resolutions are hereby ratified, approved and confirmed in all respects.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]*

This written consent shall be filed with the minutes of the proceedings of the Board and shall have the same force and effect as a unanimous vote of the directors of the Company.

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first above written.

_____
Ken Wright

_____
Glenn Mahone

_____
Mark Burrell



**From: Mahone, Glenn R.** GMahone@ReedSmith.com
Subject: FW: Reed Smith LLP Scanned Document
Date: March 28, 2016 at 3:16 PM
To: Young, Dave dyoung@cooley.com
Cc: Ken Wright (kwrightdesign@cox.net) kwrightdesign@cox.net, Mark Burrell maburrell@PDMulti.com

Dave:

See attached signature page.

Glenn

**Glenn R. Mahone**
gmahone@reedsmith.com
+1 412-288-4240
+1 412-983-8823 Cell
**Reed Smith LLP**
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
T:  +1 412 288 3131
F:  +1 412 288 3063
reedsmith.com

**From:** Pgh Deskside Support
**Sent:** Monday, March 28, 2016 2:57 PM
**To:** Mahone, Glenn R.
**Subject:** Reed Smith LLP Scanned Document

• • •

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

This Action by Unanimous Written Consent shall be filed with the minutes of the proceedings of the Board of Directors of the Company.

IN WITNESS WHEREOF, the undersigned have executed this Action by Unanimous Written Consent as of the date first set forth above.

Ken Wright

Glenn Mahone

Mark Burrell

## **EXHIBIT A**

Valuation Report

## EXHIBIT B

### Option Grants

| Optionee | Number of Shares | Option Type | Vesting Commencement Date | Vesting Schedule | State of Residence |
|---|---|---|---|---|---|
| TAYBURR, LLC | 1,000,000 | NSO | July 2, 2015 | Fully-vested | CA |
| Ken Wright | 450,000 | ISO | July 2, 2015 | Fully-vested | CA |
| **TOTAL** | **1,450,000** | | | | |

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | | |
|---|---|---|
| MARK BURRELL and TAYBURR, LLC, a Florida limited liability company, | ) ) ) | |
| Plaintiffs, | ) ) | Case No.: _____ |
| v. | ) ) | Division: _____ |
| ECLIPSE BREAST HEALTH TECHNOLOGIES, INC., a Delaware corporation, | ) ) ) ) | *Jury Trial Requested* |
| Defendant. | ) ) ) | |

**COMPLAINT:
EXHIBIT 3**

May 26, 2016

Mr. Mark Burrell
23320 Red Robin Place
Bradenton, Florida 34202

## VIA Fed Ex and Email

## Re: Eclipse Various Matters and Actions

Dear Mark,

This letter is provided to you to inform you of **Eclipse Board Actions** taken at a **"Special Called Board Meeting Today"**. It will also outline for you several steps Eclipse plans to execute after a further detailed forensic review of compelling information it has recently received and further forensic review of requested information.

1. By a unanimous vote the Eclipse Board has determined to remove you from the Board, effective immediately, in the absence of your submitting your voluntary resignation by the close of business today, May 26th.

2. Accordingly, you are removed from all positions of authority you hold with Eclipse and with this action you are directed to cease any and all communications with any person or entity as a representative or shareholder of Eclipse. This includes any and all vendors of Eclipse that provided any work product under your direction.

3. The Board intends to revisit your options and other unjust enrichment you gained from Eclipse, the result of which may require, among other things, restitution of misappropriated funds and striping of your granted and unexercised options.

4. The Eclipse Device in your possession must be sent via Fed Ex Delivery to Ken Wright by Friday at noon and received by Ken in the order in which it was sent to you.

5. All code, and product produced for the Pink Cloud for Eclipse must be turned over to Eclipse before June 2nd and Eclipse expect direct contact numbers for Chuck and all those involved in building the site and its contents.

Mark, the intent of this Board is currently not to bring legal action and it hopes it will not have to result to that for multiple reasons, including, but not limited to, the impact it can have upon you personally and professionally.  The Board simply wishes to move forward with the best prospects for Eclipse at this time.

Your actions and attitudes over the next few days will go a long way in determining how the Board choses to handle potential claims arising under these matters. You should be aware that should you desire to fight this matter, Eclipse is prepared to turn over to authorities forensic items in its possession which graphically show, among other things, that you were unjustly enriched without Board approval and completely contrary to the proposed sources and uses schedule provided by you.

The Board's intent is to resolve this with you as a private matter, but your attitude and actions will dictate in large part how Eclipse will proceed.

Respectfully,

Douglas P. Badertscher, CEO

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARK BURRELL and TAYBURR, LLC,            )
a Florida limited liability company,            )
                                                            )
                    Plaintiffs,            )
                                                            )          Case No.:          _____
v.            )
                                                            )          Division:          _____
ECLIPSE BREAST HEALTH            )
TECHNOLOGIES, INC., a Delaware            )                    *Jury Trial Requested*
corporation,            )
                                                            )
                    Defendant.            )
_____ )

**COMPLAINT:**
**EXHIBIT 4**

# Cooley

David R. Young                                          Via Email & FedEx
+1 310 883 6416
dyoung@cooley.com

June 21, 2016

Mr. Mark Burrell
23320 Red Robin Place
Bradenton, Florida  34202

**Re: Eclipse Breast Health Technologies, Inc. – Demand for Payment and Return of Company Property**

Dear Mr. Burrell:

    This law firm represents Eclipse Breast Health Technologies, Inc. ("Eclipse" or the "Company"). The Company has information indicating that you have misappropriated company funds and engaged in fraud and other financial improprieties in violation of state and federal law, as well as in violation of your contractual and fiduciary obligations. Accordingly, Eclipse hereby demands that you return $331,629.71 to the Company immediately, and in no case later than June 30, 2016. Eclipse further demands that you immediately return to the Company all Company documents, property, materials, and proprietary information in your custody, possession or control, including hard-copy documents as well as materials stored in electronic form. You may send these materials to the Company at 9327 Wheatlands Road, Suite B, Santee, CA 92071. **To avoid further escalation of this matter, including legal action, please comply with Eclipse's demands as soon as possible, but in no case no later than June 30, 2016. If you fail to comply, the Company intends to promptly file legal claims against you.**

    In addition, pursuant to Section 5(k) of the Company's 2015 Equity Incentive Plan (the "*Plan*"), if you are terminated for Cause (as defined in the Plan), all options granted to you shall terminate upon the termination date of your Continuous Service (as defined in the Plan) and you shall be prohibited from exercising your options from and after the time of such termination of Continuous Service. All of your positions with the Company have been terminated by the Company. Your actions, including misappropriation of Company funds, constitute Cause for termination under the Plan. Accordingly, any and all remaining option grants you hold, including but not limited to any option to purchase shares of the Company's Common Stock pursuant to your Stock Option Grant Notice dated July 2, 2015, are terminated unexercised.

    Please have your attorney contact me ASAP to discuss this matter. This letter is without prejudice to any remedy or cause of action available to the Company.

Sincerely,

Cooley LLP

David R. Young