UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MARK BURRELL and TAYBURR, LLC, a Florida limited liability company, | |
| Plaintiffs, | |
| v. | Case No.: 8:16-cv-1866-T-33-JSS |
| ECLIPSE BREAST HEALTH TECHNOLOGIES, INC., a Delaware corporation, | *Jury Trial Requested* |
| Defendant. | |

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs MARK BURRELL ("Mr. Burrell") and TAYBURR, LLC ("TAYBURR") (collectively, "Plaintiffs") sue Defendant ECLIPSE BREAST HEALTH TECHNOLOGIES, INC. ("Eclipse") and say:

**THE PARTIES, JURISDICTION AND VENUE**

1. Mr. Burrell is an adult residing in Bradenton, Florida, which is located within the Middle District of Florida.

2. TAYBURR is a Florida limited liability company in good standing, and TAYBURR maintains its offices within the Middle District of Florida.

3. Eclipse is a privately held Delaware corporation.

4. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1332 because this suit involves citizens of different states, and the amount in controversy exceeds $75,000.

5. Venue in this Court is proper because the material events giving rise to this cause of action occurred in the Middle District of Florida, as set forth more fully below.

1

## ALLEGATIONS COMMON TO ALL COUNTS

6. Mr. Burrell is in the business of marketing and promoting development strategies for companies, including the creation and development of interactive web sites.

7. Eclipse was founded by an individual named Ken Wright ("Wright") to develop, market and sell a portable device designed to aid in the detection of breast cancer.

8. Sometime in 2014, Mr. Burrell was introduced to Wright, who asked Mr. Burrell to provide his consulting, marketing, and promotional expertise for the benefit of Eclipse.

9. Mr. Burrell rendered these services to Eclipse both directly and through TAYBURR, a limited liability company owned by Mr. Burrell and/or his wife. All references to Burrell are also intended to include TAYBURR.

10. Mr. Burrell was instrumental in developing and executing a plan for Eclipse that included a plan to integrate its portable device into a user-friendly, interactive web-based system under the name of "Eclipse Pink Cloud."

11. The development of the Eclipse Pink Cloud greatly enhanced the value of Eclipse.

12. Mr. Burrell, from 2014 through the present, invested significant time and energy into working for Eclipse, which included but was not limited to the development and launching of the Eclipse Pink Cloud web site.

13. Much of Mr. Burrell's work for Eclipse took place from his offices in Manatee County, Florida and compensation was paid by Eclipse to Mr. Burrell in Manatee County, Florida.

14. After several months of strategic planning work by Mr. Burrell, Wright designated Mr. Burrell as Eclipse's "Chief Strategy Officer," and Mr. Burrell rendered much of his services in that regard from Manatee County, Florida.

15. In or around May of 2015, as a direct result of and in recognition of Mr. Burrell's substantial contributions to Eclipse, Mr. Burrell was appointed to the Board of Directors ("Board") of Eclipse.

16. In or around July 2, 2015, and in further recognition of Mr. Burrell's efforts, Eclipse granted TAYBURR fully-vested stock options for the right to acquire 1,000,000 Eclipse shares at a value of $0.27 per share, as reflected in a written "Stock Option Grant Notice" ("Grant Notice") given to TAYBURR, a copy of which is attached as Exhibit 1.

17. TAYBURR is a limited liability company established by Mr. Burrell and his wife for the purpose of holding and redeeming options for the stock of Eclipse, and thereafter holding Eclipse stock.

18. The fully-vested stock options remain exercisable during the "Option Period", which, pursuant to the terms of the Grant Notice, has an expiration date of July 2, 2025.

19. That fully-vested option grant was delivered to Mr. Burrell on behalf of TAYBURR in the Middle District of Florida.

20. On July 2, 2015, the Eclipse Board of Directors contemporaneously ratified this grant of TAYBURR's 1,000,000 fully-vested stock options with an "Action by Written Consent of the [Eclipse] Board of Directors" (the "Written Consent"). A copy of that Written Consent is attached as Exhibit 2.

21. That Written Consent of TAYBURR's 1,000,000 fully-vested stock options was also delivered to Mr. Burrell on behalf of TAYBURR in the Middle District of Florida.

22. Approximately seven months later, in February of 2016 and with the full knowledge, consent and approval of Eclipse, TAYBURR exercised 12,000 of the 1,000,000 fully-vested options for the price of $0.27 per share ($3,240.00), leaving TAYBURR with 988,000 unexercised options.

23. With the full knowledge of Eclipse and its counsel, TAYBURR sold those 12,000 shares of Eclipse stock to third parties for $25.00 per share, for a total of $300,000.

24. This exercise and sale demonstrates the substantial value represented by TAYBURR's remaining 988,000 share options.

25. Eclipse has substantial prospects of either going public, or being acquired by another entity, because of the enormous commercial appeal of the Eclipse Pink Cloud and because of the substantial additional value rendered by Mr. Burrell's development of the Eclipse Pink Cloud.

26. The potential value of TAYBURR's fully-vested options is unknown but will likely far exceed the $0.27 per share option price.

27. After Eclipse accepted Mr. Burrell's recommendations regarding the handling, marketing and execution of Burrell's proposals (including the creation of the Eclipse Pink Cloud), Mr. Burrell proposed to build or create the Eclipse Pink Cloud for $425,000.

28. Eclipse accepted Mr. Burrell's proposal and paid him or TAYBURR approximately $300,000 toward that proposal.

29. Mr. Burrell and TAYBURR created the software application for the Eclipse Pink Cloud.

30. Sometime prior to March of 2016, Mr. Burrell discussed his involvement in Eclipse with a Sarasota, Florida resident named Douglas Badertscher ("Badertscher").

31. Badertscher is the C.E.O. of a Sarasota-based physician group called Sarasota Orthopedic Associates.

32. Badertscher represented to Mr. Burrell that he (Badertscher) was interested in becoming involved with Eclipse, as he was highly experienced in company management and organization.

33. Mr. Burrell, at Badertscher's urging, introduced Badertscher to others at Eclipse, and on or about March 29, 2016, Eclipse engaged Badertscher in a management capacity.

34. The relationship between Badertscher and Mr. Burrell quickly turned hostile, when Badertscher demanded money from Mr. Burrell for Badertscher's personal gain - a demand which Mr. Burrell refused.

35. Thereafter, and on or about May 26, 2016, Badertscher – acting this time as Eclipse's "C.E.O." – informed Mr. Burrell that the Eclipse Board of Directors, following a "special called board meeting", had removed Mr. Burrell as Director, and that Eclipse intended to "revisit" the issue of TAYBURR's stock options.

36. A copy of the May 26, 2016 letter, which was directed to Mr. Burrell in the Middle District of Florida (and which specifically directed Mr. Burrell to refrain from contacting any person, entity or vendor regarding Eclipse), is attached as Exhibit 3.

37. Neither Badertscher nor any other individual acting on behalf of Eclipse ever notified Mr. Burrell in advance of that "special called board meeting", of Eclipse's intention to remove Mr. Burrell from the Board, or "revisit" TAYBURR's fully-vested stock options.

38. Whether Mr. Badertscher was ever validly appointed to act as Eclipse's C.E.O. is unclear, and will be the subject of discovery.

39. On or about June 21, 2016, attorneys purporting to act for Eclipse sent Mr. Burrell a letter accusing him (Mr. Burrell) of misappropriation and fraud, reiterating Mr. Burrell's removal from any positions at Eclipse, and purporting to "terminate" TAYBURR's fully-executed stock options. A copy of that letter is attached as Exhibit 4.

40. Mr. Burrell never had access to the funds, bank accounts or other financial resources of Eclipse; he did not misappropriate funds, and he did not have the means or ability to misappropriate any funds.

41. Any payment received by Mr. Burrell from Eclipse was for services rendered in connection with his actions as Eclipse's Chief Strategy Officer, and in designing and building the Eclipse Pink Cloud, and all payments were fully approved by the appropriate officers at Eclipse.

42. All conditions precedent to bringing this suit have occurred, or been satisfied or waived.

43. The Plaintiffs fully reserve all rights to amend this Complaint and to add new allegations, new parties, and new causes of action as the facts and circumstances justify.

## COUNT I – DECLARATORY JUDGMENT

44. Plaintiffs reallege all allegations prior to Count I.

45. Fed.R.Civ.P. 57 provides that the Federal Rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. §2201, and under that section of the United States Code, the Court has the authority to "declare the rights and other legal relations of any interested party seeking such declaration."

46. The Court therefore has the authority to grant a declaratory judgment regarding the parties' rights and relations under Eclipse's grant of fully-vested stock options to TAYBURR.

47. As Eclipse has already taken the position that TAYBURR's 988,000 unexercised but fully-vested stock options in Eclipse are "terminated", the Court must resolve that dispute.

48. The Court should enter a declaratory judgment that TAYBURR's stock options are fully-vested and that they have not been properly terminated by Eclipse.

49. That declaratory judgment should provide further that if TAYBURR pays Eclipse the option price of $0.27 per share and exercises all or part of those fully-vested stock options, Eclipse is obligated to issue its stock to TAYBURR as provided in the parties' July 2, 2015 Grant Notice and contemporaneous Written Consent.

WHEREFORE, the Plaintiffs request entry of a declaratory judgment against Eclipse in the form requested, or as appropriate in law and equity, along with such other and further relief the Court deems just and equitable.

## COUNT II – BREACH OF CONTRACT

50.     Plaintiffs reallege all allegations prior to Count I.

51.     Eclipse's grant of stock options to TAYBURR in exchange for Mr. Burrell's substantial services to Eclipse constituted a valid and binding contract for which valuable consideration was given on both sides.

52.     Eclipse accepted the contract by taking the value of Mr. Burrell's services, and Mr. Burrell and TAYBURR accepted the contract by accepting, as partial payment, the grant of fully-vested stock options.

53.     Counsel for Eclipse fully documented TAYBURR's fully-vested stock options, and such fully-vested options were issued by Eclipse.

54.     Eclipse has breached this contract by announcing to Mr. Burrell that Eclipse does not intend to honor its stock option obligations to TAYBURR.

55.     TAYBURR has been damaged by Eclipse's breach.

WHEREFORE, the Plaintiffs request an award of damages against Eclipse, the costs of this action, and such other and further relief the Court deems just and equitable.

## COUNT III – SPECIFIC PERFORMANCE

56.     Plaintiffs reallege all allegations prior to Count I.

57.     The Stock Option Grant Notice and Written Consent attached to this Complaint constitute a specifically enforceable fully-vested stock option contract between the parties for a stock option grant.

58. The fully-vested stock option contract is sufficiently certain in its terms to allow for enforcement, and it is otherwise just and reasonable.

59. Eclipse has breached this fully-vested stock option contract by announcing that it is terminating TAYBURR's fully-vested stock options.

60. Because of the substantial and unknown value of the fully-vested stock options, Eclipse will not have the ability to respond in damages and therefore TAYBURR does not have an adequate remedy at law.

WHEREFORE, The Plaintiffs request that the Court order Eclipse to specifically perform, upon payment by TAYBURR of $0.27 per share during the Option Period, Eclipse's obligations under its fully-vested stock option contract with TAYBURR by issuing the requested number of Eclipse shares to TAYBURR.

## JURY TRIAL

Plaintiffs, pursuant to Fed.R.Civ.P. 38(b), request trial by jury.

Dated: November 7, 2016

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP


By: /s/ Guy M. Burns
**GUY M. BURNS, ESQ.**
Florida Bar No. 0160901
guyb@jpfirm.com (Email 1)
laurah@jpfirm.com (Email 2)
JONATHAN S. COLEMAN, ESQ.
Florida Bar No. 0797480
jonathanc@jpfirm.com (Email 1)
kiml@jpfirm.com (Email 2)
403 E. Madison Street, Suite 400
Tampa, FL 33602
(813) 225-2500 (Telephone)
(813) 223-7118 (Facsimile)
***Counsel for Plaintiffs***

*#3751192*